## Robinson, Appellant, *v.* Ellis.

*Assignments for the benefit of creditors—Construction of instrument—Recording—Extension by creditors.*

A letter of attorney executed by a person owning real estate encumbered by mortgages and judgments will be construed to be an assignment for the benefit of creditors where the paper authorizes the attorney to sell the real estate within two years, and in the meantime to lease it, and pay out of it the rents, taxes, insurance and other charges, and after such payments to distribute the residue to creditors having priority of lien, and any balance over to the assignee, and with a further provision that the letter should be irrevocable by a written agreement of extension signed by the creditors. *Held,* that the letter taken in connection with the signed agreement of extension by the creditors constitutes an irrevocable assignment of the real estate for the benefit of creditors.

In such a case where the attorney is unable to make a sale and the senior mortgage creditor forecloses, and the real estate is sold

at sheriff's sale, one of the creditors who had signed the extension, cannot object, on the distribution of the fund, that the letter of attorney was not recorded within thirty days from its date as required by Section 5 of the Act of March 24, 1818, P. L. 132.

Argued April 15, 1918.    Appeal, No. 133, April T., 1918, by plaintiff, from order of C. P. Fayette Co., June T., 1916, No. 532, refusing motion for judgment against garnishee in case of John M. Robinson et al. v. J. V. E. Ellis, defendant with sci fa. to Lee Smith, Garnishee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Motion for judgment against garnishee.

REPPERT, J., filed the following opinion:

The defendant, J. V. E. Ellis, was the owner of three parcels of real estate situate in the borough now the City of Uniontown, in this county.    The properties were encumbered by mortgages owned by Mrs. Drusilla H. Lingo and by Mrs. Elizabeth Strickler; also by various judgments, one of which, recovered January 25, 1915, was and still is owned by the plaintiffs.    These obligations were overdue.    In order to secure an extension the defendant executed and delivered to Lee Smith, Esq., the garnishee, a letter of attorney authorizing and empowering him to sell and convey the said properties within two years from June 1, 1915, and, pending sale, during said period to take charge of and lease the same and collect the rents.    It further provided for the application of the rents so collected, first to the payment of taxes, insurance, water, gas and other charges when payable by the owner, and of the residue after such payment to the indebtedness of said Ellis "to those who shall be my individual creditors at the date hereof," in the manner thereinafter set forth.    It also provided for the distribution of the proceeds in case of sale, after deducting necessary expenses of sale, to the payment in full of such of the said Ellis's indebtedness as should

have priority of lien on the property or properties so sold; and finally, in case any balance remained after the sale of all of said properties, said balance to be paid over to said Ellis, his legal representatives or assigns.

The letter of attorney was made irrevocable on condition that the individual creditors should on or before June 10, 1915, sign a paper agreeing to an extension of the time of payment of the principal of their respective claims for said period of two years from June 1, 1915, accrued and accruing interest, however, to be paid. It was signed May 29, 1915; acknowledged June 29, 1915, and recorded July 2, 1915. The desired extensions were granted by the judgment creditors by agreement dated May 29, 1915; by Mrs. Strickler by agreement dated June 9th, and by Mrs. Lingo by agreement dated June 23, 1915. The agreement signed by the plaintiffs and the other judgment creditors recites the letter of attorney "bearing even date herewith and intended to be recorded and the contents of which power of attorney has been made fully known to the subscribers hereto," and said creditors agreed to withhold execution for the period designated, provided the rentals of said property should be collected by said attorney and applied toward the payment of the interest, as set forth in the letter of attorney. The mortgage creditors agreed to extend the time of payment of their respective debts two years, provided interest, taxes and insurance were paid, and other creditors agreed to extend. Upon failure to pay interest, insurance or taxes, or in case of bankruptcy or the refusal of other creditors to extend, the agreement was to be void. Pursuant to the letter of attorney and the extension agreements the attorney in fact took charge of the properties, collected the rents so far as possible, and out of the proceeds paid certain taxes, insurance, water, light and other charges. No opportunity to make sale was found. Some of the rents could not be collected. After payment of the charges above noted there were not sufficient funds to pay interest and none was paid.

Default being thus made on May 10, 1916, Mrs. Strickler, a mortgage creditor, and on May 13, 1916, the National Bank of Fayette County, a judgment creditor, issued executions and the properties were sold. A balance of $666.17 remained in the hands of the attorney in fact. May 27, 1916, the plaintiffs issued a writ of attachment in execution on their judgment and summoned the attorney in fact as garnishee.

The manifest object of the agreements for extension and the letter of attorney was to prevent a sacrifice of values by a forced sale and to provide a method by which the fair market value of the properties might be realized, in the hope that thus there would be enough to pay all creditors in full. If the income from the properties had been sufficient to enable the attorney in fact to comply with the conditions imposed, or if Mr. Ellis had been able to supply the deficiency needed for that purpose, the desired result might have been attained. The effort was worth while and it was to the advantage of these plaintiffs and other creditors so placed by reason of precedent liens as to be otherwise unable to protect themselves.

Default having been made, those signing the extension agreements had the right to rescind and to proceed with the collection of their claims by due process. Until rescission, however, the agreements and the letter of attorney were in full force and effect and binding upon those who executed them. So far as the pleadings and testimony disclose, there were no other creditors than those executing the extension agreements and no other property available to these creditors than that described in the letter of attorney. No other creditors than the ones referred to are here making any claim and there is no question of preference. No rights are involved except the rights of those signing the extension agreements, and the question as to those rights is raised not by an outsider but by one of the signers.

The letter of attorney, in connection with the agree-

ments, is an assignment in trust for the benefit of creditors. As was said in Lucas v. The Sunbury & Erie R. R. Co., 32 Pa. 458, we have here property, a trustee, a trust, and creditors who are to take under it. What more is needed? The money in the hands of the attorney in fact having been collected pursuant to the powers vested in him by the trust, to that extent the trust was executed and irrevocable, and binding on those who had created it: Watson v. Bagaley, 12 Pa. 164. And this irrevocable and binding effect included not only the powers under which the fund was accumulated, but also the powers that controlled its distribution. Otherwise the equitable rights of the creditors secured by the agreements and letter of attorney would be destroyed.

But it is urged that the letter of attorney was not recorded within thirty days, as required by Section 5 of the Act of March 24, 1818, P. L. 132. The provisions of the letter of attorney were, as we have seen, fully known to the plaintiffs. To induce its execution by Ellis they signed the agreement to extend and thereby, in effect, became parties to it. They cannot now deny it, so far as it has been executed, for their own advantage and to the prejudice of other creditors. If they desired it to be recorded within the thirty days, or otherwise to be released from its operation, they could have so required by due notice. By taking part in the proceedings, with full knowledge, and making no objection until the fund had been raised, they waived their rights, and the agreements and letter of attorney are valid as to them, although the letter was not recorded until two or three days after the statutory period had expired: Burke's Est., 1 Pars. 470; Dettra v. Bollman, 9 Lanc. Rev. 1; Crossman v. Rowland, 2 W. N. C. 259.

Our conclusion is that the fund should be distributed according to the provisions of the letter of attorney.

*Error assigned* was in refusing motion for judgment against garnishee.

138, (1918).]    Arguments—Opinion of the Court.

*A. E. Jones,* with him *F. C. Newcomer* and *Cooper Lackey,* for appellants.—The letter merely created an agency: Jones v. Keesey, 42 Pa. Superior Ct. 490; Beans v. Bullitt, 57 Pa. 221; Burger v. Burger, 135 Pa. 499; Balliet v. Brown, 103 Pa. 546.

*Lee Smith,* of *Brownfield & Goodstein,* for appellee: Burke's Est., 1 Parsons 470.

PER CURIAM, July 10, 1918:

The only assignment of error presented is, that the court erred in its conclusion of law, holding, that a letter of attorney in connection with the agreements is an assignment in trust for the benefit of creditors, and this is fully and convincingly answered in the opinion filed by the court below, directing that the motion for judgment against the garnishee be overruled and dismissed.

The judgment is affirmed.